UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

RODNEY E. SEARS,                      )
        Plaintiff,                   )
                                     )
     v.                            )          Civil Action No. 2:21cv158
                                     )
P.E. HIBBS, *et al.*,                 )
        Defendants.                  )
                                     )

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate, submitted this *pro se* action pursuant to 42 U.S.C. § 1983 to redress alleged violations of his constitutional rights. Am. Compl., ECF No. 10. This matter is before the Court on Defendants' Motion to Dismiss. Mot. Dismiss, ECF No. 20. The motion has been fully briefed, and the Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons set forth below, the Court will grant Defendants' Motion to Dismiss, ECF No. 20.

### I.   Relevant Procedural History

By Order entered on June 7, 2021, the Court ordered Plaintiff to file an Amended Complaint in accordance with the Court's instructions. Order at 2, ECF No. 9. In addition to specific instructions regarding the form and content of the Amended Complaint, the Court advised Plaintiff that the "Amended Complaint will supersede his Complaint and will become the operative complaint in this action." *Id.* at 2-3. In response to the Court's June 7, 2021 Order, Plaintiff filed an Amended Complaint in which he named "P.E. Hibbs, Assistant Warden," "C. Roane, Chief of

Housing and Programs," and "K. English, Restrictive Housing Lieutenant" as Defendants.[1]  Am. Compl. at 1.

On November 1, 2021, Defendants filed the instant Motion to Dismiss.  As required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and Rule 7(K) of the Local Civil Rules of the United States District Court for the Eastern District of Virginia, Plaintiff was advised of his right to respond to the Motion to Dismiss within twenty-one days.  Mot. Dismiss at 1.  On December 9, 2021, the Court received Plaintiff's Motion for Extension of Time to respond to Defendants' Motion to Dismiss.  Mot. Extension Time, ECF No. 24.  Plaintiff then filed an untimely Response to Defendants' Motion to Dismiss, ECF No. 25, which the Court received on December 20, 2021.[2]

In addition, after Defendants filed their Motion to Dismiss, Plaintiff filed a Motion to Amend/Correct Amended Complaint, ECF No. 23, and a Motion for Leave to File an Amended Complaint, ECF No. 26 (collectively, "Motions to Amend").  By Order entered on February 23, 2022, the Court denied Plaintiff's Motions to Amend without prejudice because he failed to include a proposed amended pleading with his Motions.  Order at 2, ECF No. 27 (citing *United States ex rel. Nathan v. Takeda Pharm. N. Am., Inc.*, 707 F.3d 451, 461 (4th Cir. 2013); Fed. R. Civ. P. 15(a)).  However, in deference to Plaintiff's *pro se* status, the Court *sua sponte* granted Plaintiff leave to file a Second Amended Complaint in accordance with the Court's instructions within fourteen days of the date of entry of the Order.  *Id.* at 2-3.  The Court advised Plaintiff that if he failed to file his Second Amended Complaint within fourteen days, the Court would "proceed to

---

[1] The Court corrects the spelling, punctuation, and capitalization errors in the quotations from Plaintiff's Amended Complaint.

[2] In his Motion for Extension of Time, Plaintiff asserts that he had "limited access to [the] law library due to being in a mental health program."  Mot. Extension Time at 1, ECF No. 24.  Upon consideration of the reasons advanced by Plaintiff, and in deference to Plaintiff's *pro se* status, the Court GRANTS Plaintiff's Motion for Extension of Time, ECF No. 24.  Accordingly, Plaintiff's Response to Defendants' Motion to Dismiss, ECF No. 25, is DEEMED timely filed.

address the merits of Defendants' Motion to Dismiss . . . and of Plaintiff's Response to Defendants'

Motion to Dismiss." *Id.* at 3.

More than fourteen days have passed since entry of the Court's February 23, 2022 Order

and Plaintiff has not filed a Second Amended Complaint. Accordingly, having deemed Plaintiff's

Response to Defendants' Motion to Dismiss to be timely filed, Defendants' Motion to Dismiss is

ripe for review.

## II.      Summary of Plaintiff's Allegations

On March 21, 2020, Plaintiff was placed in the Restrictive Housing Unit ("RHU") at

Haynesville Correctional Center for refusing to return to his dorm. *See* Am. Compl at 2; Ex. A to

Am. Compl.[3] On March 31, 2020, Defendant Roane "stated to Plaintiff, that she would make sure

Plaintiff remained in the [RHU], until she say so." Am. Compl. at 2. On April 7, 2020 Defendant

English, in response to Plaintiff's inquiry, told Plaintiff, "you will be in the [RHU] a year." *Id.*

On July 2, 2020, Defendant English instructed another corrections officer "to write plaintiff a

bogus institutional charge." *Id.* As a result of being convicted of the "bogus infraction," Defendant

Roane "moved [Plaintiff's] Security Level from a 2 to a 4 and took all of [his] good time," stating,

"we finally got you." *Id.*

During his time in the RHU, Plaintiff spoke with Defendant Hibbs "multiple times about

his status in the [RHU], as well as his mental health." *Id.* at 3. In response, Defendant Hibbs

"every time" would ask Plaintiff if he had learned his lesson and would tell Plaintiff to speak to

Defendant Roane. *Id.* On March 2, 2021, Defendant Roane told Plaintiff that "against her better

judgment, Plaintiff [could] be released back to general population," but Plaintiff was held in RHU

---

[3] Plaintiff attached to his Amended Complaint two Institutional Classification Authority Hearing Notification Forms as exhibits. The first, dated March 21, 2020, is labeled "Exhibit A," and the second, dated March 2, 2021, is labeled "Exhibit B."

due to his mental health status. *Id.*; *see also* Ex. B to Am. Compl. (noting that mental health officials at the jail requested that Plaintiff "remain in RHU for two weeks in order to stabilize on [his] medication").[4] On April 7, 2021, Plaintiff was transferred to Greensville Correctional Center. Am. Compl. at 4.

Plaintiff alleges that living in the RHU "under those inhuman conditions, for 12 months is clearly cruel and unusual punishment." *Id.* Plaintiff asserts that each Defendant violated his First and Eighth Amendment Rights. *Id.* at 5. Specifically, Plaintiff avers that: (i) Defendant Roane is liable because she "held Plaintiff in restrictive housing, under inhuman conditions for a period of 12 months"; (ii) Defendant English is liable because he conspired with Defendant Roane to keep Plaintiff in the RHU by "instructing officers to write Plaintiff frivolous institutional charges" and by "degrading Plaintiff . . . by making Plaintiff get on his knees . . . every time Plaintiff leaves his cell"; and (iii) Defendant Hibbs is liable "due to the fact that he is the supervisor of the other Defendants" and "he knew Plaintiff was in the [RHU]," but "did nothing about [it] but sign off on it." *Id.*

Plaintiff requests as relief that the Court "forever terminate the malicious and inhuman treatment towards Plaintiff, which has been orchestrated by the defendants." *Id.* at 6. The Court construes Plaintiff's request as request for injunctive relief. Plaintiff also asks that the Court "grant the relief requested herein," but he makes no other claims for relief in his Amended Complaint. *See id.* at 6.

---

[4] Pursuant to Federal Rule of Civil Procedure 10(c), "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). On a motion to dismiss, the Court may consider documents attached to the complaint so long as the documents are "integral to the complaint and authentic." *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

### III.      Standard of Review

A motion to dismiss under Rule 12(b)(6) should be granted if a complaint fails to "allege

facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007).   A Rule 12(b)(6) motion "tests the sufficiency of a complaint and 'does not

resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'"

*Johnson v. Portfolio Recovery Assocs., LLC,* 682 F. Supp. 2d 560, 567 (E.D. Va. 2009) (quoting

*Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)).

In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded

allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff.

*Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

This principle applies only to factual allegations, however, and "a court considering a motion to

dismiss can choose to begin by identifying pleadings that, because they are no more than

conclusions, are not entitled to the assumption of truth."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679

(2009).  Further, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d

1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*,

statutory and constitutional claims that the inmate failed to clearly raise on the face of his or her

complaint.  *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring);

*Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### IV.      Analysis

Defendants moved to dismiss all of Plaintiff's claims pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted.

Mem. Supp. Mot. Dismiss at 2-3.  Specifically, Defendants argue that Plaintiff's claims are moot,[5]

---

[5] The Court construes Defendants' mootness argument as a motion to dismiss under Federal Rule of Civil Procedure
12(b)(1).  *See Jones v. Antonelli*, No. 6:19-3036, 2021 WL 3572926, at *2 (D.S.C. Jan. 29, 2021) (internal citations

and they further argue that Plaintiff has failed to sufficiently allege any violation of the First or

Eighth Amendment with respect to all Defendants.  *Id.* at 3-7.  The Court agrees.

### A.      Mootness

"Under Article III of the [United States] Constitution, federal courts may adjudicate only

actual, ongoing cases or controversies.  *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)

(citing *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988)).  "[F]ederal courts have 'no authority to

give opinions upon moot questions or abstract propositions, or to declare principles or rules of law

which cannot affect the matter in issue in the case before it.'"  *Incumaa v. Ozmint*, 507 F.3d 281,

286 (4th Cir. 2007) (quoting *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992)).

As the United States Court of Appeals for the Fourth Circuit has held, "the transfer of an

inmate from a unit or location where he is subject to the challenged policy, practice, or condition,

to a different unit or location where he is no longer subject to the challenged policy, practice, or

condition moots his claims for injunctive and declaratory relief, even if a claim for money damages

survives."  *Incumaa*, 507 F.3d at 286–87.  Plaintiff did not assert any claim for money damages in

his Amended Complaint.[6]  *See* Am. Compl. at 6.  Thus, Plaintiff's claims were rendered moot

---

omitted) (noting "that a motion under Rule 12(b)(1) challenges a court's subject matter jurisdiction over the pending dispute" and that the "appropriate means for challenging the mootness of a case is a motion under [Rule] 12(b)(1)"), *adopted by*, 2021 WL 3566815 (D.S.C. Aug. 12, 2021).

[6] The Court notes that in his initial Complaint, Plaintiff included a claim for money damages.  Compl. at 11, ECF No. 1.  Plaintiff's Amended Complaint, however, contains no such claim, and the Amended Complaint is the operative complaint in this action.  Any claim not reasserted in the Amended Complaint is deemed waived and the Court cannot consider it.  *See Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th Cir. 2001) ("[A]n amended pleading supersedes the original pleading, rendering the original pleading of no effect.  Thus, if an amended complaint omits claims raised in the original complaint, the plaintiff has waived those omitted claims.").  The Court also notes that Plaintiff mentions his earlier-asserted claim for money damages in his Response to Defendants' Motion to Dismiss; however, such claim will not be considered as it is not properly before the Court.  *See* Resp. Mot. Dismiss at 1, ECF No. 25; *Moise v. Howard Cnty. Det. Ctr.*, No. CV 18-1355, 2019 WL 454101, at *4 (D. Md. Feb. 4, 2019) (noting that a response "in opposition to a motion is not a proper vehicle for amending a complaint or adding new claims), *aff'd*, 807 F. App'x 272 (4th Cir. 2020).  The Court further notes that after Defendants filed their Motion to Dismiss, the Court provided Plaintiff with an opportunity to file a Second Amended Complaint, but Plaintiff chose not to avail himself of that opportunity.  *See* Order at 2-3, ECF No. 27.

when he was "transferred from Haynesville Correctional Center to Greensville Correctional Center" on April 7, 2021.[7] *Id*. at 4; *See Incumaa*, 507 F.3d at 287 ("Once an inmate is removed from the environment in which he is subjected to the challenged policy or practice . . . he no longer has a legally cognizable interest in a judicial decision on the merits of the claim."). As such, this Court has no authority to adjudicate the merits of Plaintiff's claims.[8]

Accordingly, the Court will grant Defendants' Motion to Dismiss, ECF No. 20, and this action will be dismissed as moot. Moreover, as discussed in more detail below, even if the Court were to find that Plaintiff's claims were not mooted by his transfer, Plaintiff's claims would be dismissed because Plaintiff's Amended Complaint does not sufficiently allege any violation of Plaintiff's constitutional rights.

### B.      First Amendment Claims

Plaintiff's Amended Complaint contains an allegation that his First Amendment Rights were violated. Am Compl. at 5. What Plaintiff's Amended Complaint does not contain, however, is any factual basis to support such a claim. Nowhere in Plaintiff's Amended Complaint does he identify which of his First Amendment Rights were violated, nor does he state how any of the Defendants violated those rights. Accordingly, because Plaintiff failed to allege any facts to suggest that Defendants violated his First Amendment rights, Plaintiff has failed to state a claim

---

[7] It is not clear from Plaintiff's Amended Complaint whether he was released from the RHU prior to his transfer out of Haynesville Correctional Center.

[8] Plaintiff does not claim in his Response to Defendants' Motion to Dismiss that an exception to the mootness doctrine applies in this case, nor can the Court find any basis in the record to warrant a such a finding. *See* Resp. Mot. Dismiss at 1-3. The Court notes that there are two closely related exceptions to the mootness doctrine, neither of which apply in this case. The first exception holds that "voluntary cessation of allegedly illegal activity . . . does not make the case moot." *Incumaa v. Ozmint*, 507 F.3d 281, 288 (4th Cir. 2007) (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 632 (1953)). This exception does not apply, however, unless there is a "reasonable expectation that the wrong will be repeated." *Id.* (quoting *W.T. Grant,* 345 U.S. at 633). The second exception "permits federal courts to consider disputes, although moot, that are 'capable of repetition, yet evading review.'" *Id.* at 288-89 (quoting *Fed. Election Comm'n v. Wisconsin Right to Life, Inc.*, 551 U.S. 449, 462 (2007)). Again though, a party seeking to invoke this exception must show a "'reasonable expectation that the same complaining party will be subject to the same action again.'" *Id.* (quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)).

upon which relief may be granted.  Defendants' Motion to Dismiss this claim would be granted on this basis if Plaintiff's claims were not mooted by his transfer.

### C.     Eighth Amendment Claims

Plaintiff asserts that Defendants violated his Eighth Amendment rights by keeping him in the RHU "under . . . inhuman conditions, for 12 months."  Am. Compl. at 4.  This, according to Plaintiff, "is clearly cruel and unusual punishment."  *Id.*  Specifically, Plaintiff alleges that Defendant Roane is liable because she "held Plaintiff in [the RHU], under inhuman conditions for a period of 12 months"; that Defendant English is liable because he conspired with Defendant Roane to keep Plaintiff in the RHU; and that Defendant Hibbs is liable "due to the fact that he is the supervisor of the other Defendants" and "he knew Plaintiff was in the [RHU]," but "did nothing about [it] but sign off on it."  *Id.*

When an inmate challenges conditions of confinement, he or she must show "(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials."  *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991) (citing *Wilson v. Seiter*, 501 U.S. 294, 301-02 (1991); *Rhodes v. Chapman*, 452 U.S. 337 (1981)).  As to the first prong – the objective prong – an inmate must demonstrate that the deprivation complained of was extreme and amounted to more than the "routine discomfort" that is "part of the penalty that criminal offenders pay for their offenses against society."  *Strickler v. Waters*, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)).  *See also Raynor v. Pugh*, 817 F.3d 123, 127 (4th Cir. 2016) (noting that in order to satisfy the objective component, a Plaintiff "'must establish a serious deprivation of his rights in the form of a serious or significant physical or emotional injury,' or a substantial risk thereof") (quoting *Danser v. Stansberry*, 772 F.3d 340, 346-47 (4th Cir. 2014)); *Strickler*, 989 F.3d at 1381 ("If a prisoner has not suffered serious or

8

significant physical or mental injury as a result of the challenged condition, he simply has not been

subjected to cruel and unusual punishment within the meaning of the [Eighth] Amendment.").

With respect to the second prong – the subjective prong – a prisoner may satisfy this prong

"by showing deliberate indifference by prison officials." *Johnson v. Quinones*, 145 F.3d 164, 167

(4th Cir. 1998).  In the context of an inmate's Eighth Amendment claim regarding the conditions

of the inmate's confinement,

> a prison official cannot be found liable under the Eighth Amendment for denying
> an inmate humane conditions of confinement unless the official knows of and
> disregards an excessive risk to inmate health or safety; the official must both be
> aware of facts from which the inference could be drawn that a substantial risk of
> serious harm exists, and he must also draw the inference.

*Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Defendants argue that "Plaintiff has not alleged factual detail about the conditions in RHU

sufficient to support the objective prong of an Eighth Amendment violation.   The merely

conclusory allegation that conditions were 'inhuman' does not survive a motion to dismiss under

Rule 12(b)(6)."  Mem. Supp. Mot. Dismiss at 7.  The Court agrees.

Here, Plaintiff has not alleged that he suffered a serious physical or emotional injury

resulting from his confinement in the RHU.  Nor has Plaintiff alleged any facts regarding the

conditions of his confinement in the RHU from which the Court could find that he has stated a

claim that he was subjected to a substantial risk of such injury.  Plaintiff's conclusory claim that

the conditions in the RHU were "inhuman" is not sufficient to meet his burden to raise his claim

for relief "above the speculative level" and "state a claim . . . that is plausible on its face."

*Twombly*, 550 U.S. at 555, 570; *see also Kimble v. Corpening*, No. 1:19cv60, 2019 WL 2482883,

at *3 (W.D.N.C. June 11, 2019) (noting that "conclusory allegations, unsupported by specific

9

allegations of material fact are not sufficient" to state a claim for relief (citing *Simpson v. Welch*, 900 F.2d 33, 35 (4th Cir. 1990))).

Likewise, the Court finds that Plaintiff's claim that Defendant English violated Plaintiff's Eighth Amendment rights by "degrading Plaintiff everyday by making [him] get on his knees in front of two other officer[s], every time [he] leaves his cell" is also insufficient to state a claim upon which relief could be granted.  Am. Compl. at 5.  "A prisoner states a claim under the Eighth Amendment when he plausibly alleges that the conduct in question was motivated by a desire to harass or humiliate rather than by a legitimate justification, such as the need for order and security. *King v. Rubenstein*, 825 F.3d 206, 219 (4th Cir. 2016) (internal quotation omitted).  Plaintiff's bare assertion that he was degraded by Defendant English is insufficient to allege that Defendant English was motivated by an improper purpose.

Accordingly, the Court finds that Plaintiff has failed to state a claim that his Eighth Amendment rights were violated, and dismissal of these claims would be warranted on this basis if Plaintiff's claims had not been mooted by his transfer.

### D.    Due Process Claim

Finally, Plaintiff alleges in his Amended Complaint that Defendant English wrote Plaintiff a "bogus institutional charge" for "tampering with security devices."  Am. Compl. at 2.  As a result of this "bogus infraction," Defendant Roane "moved [Plaintiff's] security level from a 2 to a 4 and took all of Plaintiff's] good time."  *Id.*  Even though Plaintiff does not specifically assert such a claim, in deference to Plaintiff's *pro se* status, the Court construes Plaintiff's assertions as a claim that Defendants violated his Due Process rights under the Fourteenth Amendment.  The Court notes that Defendants do not address Plaintiff's Due Process claim in their Motion to Dismiss. Nevertheless, pursuant to 28 U.S.C. § 1915A(b)(1), the Court must dismiss a claim if the Court

determines that Plaintiff, a prisoner who filed suit against government-official Defendants, "fails

to state a claim on which relief may be granted."  28 U.S.C. § 1915A(b)(1).

The Due Process Clause applies when government action deprives an individual of a

legitimate liberty or property interest.  *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569

(1972).  Thus, the first step in analyzing a procedural due process claim is to identify whether the

alleged conduct affects a protected interest.  *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997)

(citations omitted).  A liberty interest may arise from the Constitution itself or from state or federal

laws and policies.  *See Wilkinson v. Austin*, 545 U.S. 209, 221-22 (2005).

With respect to the "bogus institutional charge," the Court notes that such a claim cannot

form the basis of a constitutional violation.  *See Cole v. Holloway*, 631 F. App'x 185, 186 (4th Cir.

2016) (explaining that "a false disciplinary charge cannot serve as the basis for a constitutional

claim," and affirming the dismissal of a plaintiff's "claim that he was improperly charged with a

disciplinary conviction and false promises were made regarding its disposition" (citing *Freeman*

*v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986))).  The same is true with respect to the increase in

Plaintiff's security level, because "[t]he federal constitution itself vests no liberty interest in

inmates in retaining or receiving any particular security or custody status '[a]s long as the

[challenged] conditions or degree of confinement . . . is within the sentence imposed . . . and is not

otherwise violative of the Constitution.'"  *Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir. 1994)

(alterations in original) (quoting *Hewitt v. Helms*, 459 U.S. 460, 468 (1983), *overruled on other*

*grounds by Sandin v. Conner*, 515 U.S. 472 (1995)).

However, to the extent that Plaintiff alleges that Defendant Roane revoked vested good

time credits, such a claim does implicate a protected liberty interest.  *Sciolino v. City of Newport*

*News, Va.*, 480 F.3d 642, 653 n.9 (4th Cir. 2007) (citing *Wolff v. McDonnell*, 418 U.S. 539, 560-

61 (1974)).  Nevertheless, the Constitution only guarantees the following minimal process prior to revoking such credits:

> (1) an impartial tribunal; (2) written notice of the charges prior to the hearing; (3) an opportunity to call witnesses and present documentary evidence; (4) aid from a fellow inmate or staff representative if the issues are complex; and, (5) a written statement by the fact finder describing the evidence relied upon and the reasons for taking disciplinary action.

*Coor v. Stansberry*, No. 3:08cv61, 2008 WL 8289490, at *2 (E.D. Va. Dec. 31, 2008) (citing *Wolff*, 418 U.S. at 563-71).  Plaintiff does not allege that he was deprived of any of these procedural protections.  Accordingly, Plaintiff has failed to state a claim for a violation of his Due Process rights and dismissal of these claims would be warranted on this basis if Plaintiff's claims had not been mooted by his transfer.

## V.      Conclusion

For the reasons set forth above the Court will grant Defendants' Motion to Dismiss, ECF No. 20, and this action will be dismissed as moot.

An appropriate Order shall issue.

_____/s/_____
Roderick C. Young
United States District Judge

Richmond, Virginia
May 16, 2022

12